UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Chester Lee Grauberger,                                  Civil No. 10-3004 (DWF/SER)

       Petitioner,

v.                                                       **REPORT & RECOMMENDATION**

Warden Becky Dooley,

       Respondent.

---

    Chester Lee Grauberger, *pro se*, #133347, Minnesota Correctional Facility Willow River/Moose Lake, 1000 Lake Shore Drive, Moose Lake, MN 55767.

---

STEVEN E. RAU, United States Magistrate Judge.

    Petitioner Chester Lee Grauberger, a state prison inmate, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on July 14, 2010, challenging his 1998 conviction and sentence [Doc. No. 1]. On July 16, 2010, then-Magistrate Judge Susan Richard Nelson issued an Order to Show Cause why Grauberger's Petition was not untimely, and to provide a complete chronology of the legal proceedings following his conviction so the Court could determine whether the statute of limitations had expired and whether tolling applied [Doc. No. 7].

    Grauberger responded to this Order on August 13, 2010 [Doc. No. 9] and on March 3, 2011, the undersigned reviewed that response, concluding it insufficiently addressed the timeliness of the Petition [Doc. No. 18]. This Court again gave Grauberger an opportunity to explain why his Petition should not be summarily dismissed due to untimeliness. Grauberger responded on April 4, 2011 [Doc. Nos. 19 and 20]. In the Petition and other pleadings, Grauberger contended that new exculpatory evidence supporting his Petition existed and that the Government continues to withhold, or withheld the vaguely-referenced exculpatory evidence.

1

Grauberger argues that the alleged withholding tolled the statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) because: (1) the withholding of the evidence is a state-created impediment to his filing of this habeas Petition; and (2) this "new" evidence forms the factual predicate for his habeas claims. The matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition be denied and the action dismissed.

I. **BACKGROUND**

The case arises from the sexual assault of a woman, J.W., in an alley on April 18, 1997.[1] While J.W. was calling on a pay phone, she was hit on the head from behind and carried into the alley. Two witnesses, Kalvin Guza and Wendy Cooper, saw some of the incident from their apartment building. Guza called the police and reported he believed a rape was occurring. Officer Joseph Krogman ("Krogman") responded to the dispatch. As he pulled into the alley, the assailant stood up and J.W. recognized him as the man who had used the pay phone before her. The assailant ran away but Krogman and Officer Ellis ("Ellis") apprehended him. J.W. was raped and severely beaten, leaving her with a skull fracture, broken nose, and bleeding head wound. Grauberger was identified as the assailant. When arrested, Grauberger's pants and belt were unfastened and he had blood on his clothes, hands, and watch. While Grauberger was in custody, Ellis noticed him attempting to wash the blood off his hands and shirt. Ellis confiscated the shirt, which later tested positive for J.W.'s blood.

At trial, Grauberger testified that he had been urinating when he heard screaming. He stated he subsequently discovered J.W., who he contends was assaulted by someone else.

---

[1] The facts relating to Grauberger's underlying conviction are taken from the Minnesota Court of Appeal's opinion on his direct appeal. *State v. Grauberger*, No. C5-98-1034, 1999 WL 153747, *2 (Minn. Ct. App. March 23, 1999).

Specifically, Grauberger contends that an abusive boyfriend assaulted J.W. and that she accused Grauberger to protect the abuser.

Grauberger was convicted of six counts of criminal sexual conduct and one count of third-degree assault and sentenced to 258 months. The Minnesota Supreme Court upheld the conviction and sentence on direct appeal on May 18, 1999. Grauberger filed a post-conviction proceeding and the Minnesota Court of Appeals affirmed the trial court's denial of his request for relief on January 30, 2001.

Grauberger raises fourteen grounds in his habeas Petition: (1) prosecutorial misconduct in making statements to the jury about Grauberger's past criminal history, resulting in a denial of due process; (2) an unconstitutional search and seizure of Grauberger's hair and blood while he was in custody; (3) cumulative trial errors (prosecutorial misconduct, judicial bias, errors in evidentiary rulings, withheld evidence, etc.), resulting in a denial of due process; (4) Grauberger's sentence was unconstitutionally determined (through a triple upward departure in sentencing); (5) prosecutorial misconduct in altering evidence, tampering with witnesses, knowingly using perjured testimony, and withholding the identity of the transcriptionist who transcribed victim's statement; (6) prosecutorial misconduct in withholding exculpatory evidence (*Brady* claim); (7) unconstitutional denial of right to confront accuser and cross-examine her; (8) unconstitutional right to present defense (that third-party was actual perpetrator); (9) judicial bias resulting in denial of due process (by judge commenting on his opinion of the evidence in front of jury); (10) ineffective assistance of trial counsel (by not properly investigating withheld evidence and not requesting a hearing on altered transcript); (11) ineffective assistance of counsel on appeal and in post-conviction proceedings by not raising withheld evidence and not objecting to judge disallowing Grauberger to present evidence that third-party committed the

crime; (12) insufficient evidence to sustain the verdict; (13) newly discovered exculpatory evidence supports his ineffective assistance and prosecutorial misconduct claims; and (14) Grauberger is innocent.

Grauberger contends that the Government withheld evidence that entitles him to tolling of the statute of limitations under the AEDPA. Grauberger is aware of the withheld evidence because the evidence was referenced by witnesses in trial testimony or was mentioned in police reports and other documents provided to Grauberger before or at trial. The new or withheld evidence includes: (1) multiple versions of the same transcribed interview of the victim; (2) the identity of the transcriptionist; (3) reports, tapes, and transcripts of follow-up interviews; (4) a videotape of the crime scene; (5) crime scene photos taken by Officer Ellis; (6) X-rays of the victim's skull; (7) reports of follow-up examinations by Dr. LaPorte; (8) a tape or transcription of the interview of witness Wendy Cooper; (9) evidence relating to a bloody handprint found near the crime scene, (which Grauberger alleges was first mentioned by the Government at oral argument in the post-conviction proceedings); and (10) blood and hair samples taken from Grauberger the day before a warrant was sought for such samples. Grauberger notes that to date he still does not have the evidence discussed in items two through ten; rather, he only knows that such evidence exists. (*See* Aff. in Resp. to Ord. Dated March 3, 2011 at 1-2). As to the multiple versions of the transcripts of the witness' interviews, Grauberger was provided with the other version of the transcript before or at the trial. (*See* Mem. in Supp. of Pet. Under 28 U.S.C. 2254 for Writ of Habeas Corpus by Person in State Custody at 5).

Many of the grounds raised in Grauberger's Petition were raised in his direct appeal or original post-conviction proceedings. He raised Grounds Seven and Eight on direct appeal. In that matter, he argued that he was prevented from cross-examining the victim because of rape

4

shield laws and he was not allowed to introduce evidence of the victim's other sexual partners, including her allegedly abusive boyfriend. *State v. Grauberger*, No. C5-98-1034. 1999 WL 153747, *2 (Minn. Ct. App. March 23, 1999). Grauberger also challenged the triple upward departure in his sentence, Ground Four, on direct appeal. *Id.* at *3. In his appeal for post-conviction relief, Grauberger argued that he was denied the effective assistance of counsel because his trial counsel failed to object to the admission of evidence regarding his prior convictions, failed to impeach witnesses, and failed to request a DNA examination. *Grauberger v. State*, No. 00-979, 2001 WL 70027, *1 (Minn. Ct. App. Jan. 30, 2001). Grauberger further asserted that his appellate counsel was ineffective for not raising his allegations about trial counsel's ineffective assistance. *Id.* at *2. Thus, Ground Eleven in the Petition is based, in part, on the same arguments Grauberger made in the post-conviction proceedings. Ground Eleven is also based on the new argument that his lawyers were ineffective in failing to claim prosecutorial misconduct stemming from allegedly withheld evidence or an allegedly altered transcript.

## II. DISCUSSION

The AEDPA imposes a one-year statute of limitations on habeas petitions by persons in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins to run from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.* at § 2244(d)(1)(A). The limitations period is tolled, however, while an application for post-conviction relief or other collateral review is pending. *Id.* at § 2241(d)(2). As set forth in this Court's previous Order [Doc. No. 18], under these rules, Grauberger's conviction became final and the statute of limitations began to run on August 16, 1999. After the tolling the statute of limitations during the pendency of Grauberger's motions for post-conviction relief, the deadline for Grauberger to

file this habeas Petition under § 2244(d)(1)(A) was August 15, 2001. Therefore, Grauberger's Petition is untimely unless he can show under § 2244(d)(1)(B) or (D),[2] that the statute of limitations did not begin to run on August 16, 1999, or that he is entitled to equitable tolling.

### A. Impediment to Filing

The one-year AEDPA statute of limitations is statutorily tolled until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B); *Boos v. Fabian*, No. 05-0523, 2008 WL 398787, *5 (D. Minn. Feb. 12, 2008). The petitioner bears the burden of establishing that the state created an impediment to the filing of the petition. *Earl v. Fabian*, No. 07-156, 2010 WL 1780189, *8 (D. Minn. April 12, 2010). The plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition. *Earl*, 556 F.3d at 726.[3]

Grauberger argues that the statute of limitations should be tolled under §2244(d)(1)(B) because the Government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. United States*, 405 U.S. 150, 153–55 (1972). He contends the *Brady* violation constituted a state-created impediment that prevented him from filing this habeas Petition until he discovered this information through a private investigator in 2007. Grauberger's argument is unavailing.

---

[2] Grauberger does not appear to assert that his claims are timely under 28 U.S.C. § 2244(d)(1)(C), which applies when a newly recognized constitutional right is recognized by the Supreme Court.

[3] Some courts have suggested that under § 2244(d)(1)(B), a petitioner must demonstrate that he or she acted with due diligence in attempting to discover the new evidence. *Boos*, 2008 WL 398787 at *5; *see also Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006); *Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006). The Eighth circuit has impliedly rejected this requirement, noting that unlike § 2244(d)(1)(D), the statutory language in § 2244(d)(1)(B) does not contain a due diligence requirement. *Earl*, 556 F.3d at 725.

First, some Courts have held that an allegation of a *Brady* violation by the government is by itself insufficient to establish that the government created an impediment to the petitioner's ability to file a habeas petition. *Boos*, 2008 WL 398787 at *5 n. 9; *Wood v. Spencer*, 487 F.3d 1, 7 (1st Cir. 2007) (noting in *dicta* that alleged *Brady* violation would not substantiate tolling under § 2244(d)(1)(B) but holding, nevertheless, petitioner was not prevented from bringing habeas claim where he could have uncovered the evidence through alternative means). Thus, Grauberger is unable to assert that the Government's withholding of evidence entitles him to tolling under § 2244(d)(1)(B).

Second, even if the Government's withholding of the alleged *Brady* evidence was a state-created impediment, the evidence did not prevent Grauberger from seeking habeas relief. *See e.g. Estrada v. Hedgepeth*, No. 09-2125, 2010 WL 3069998, *4 (C.D. Cal. May 26, 2010) (holding petitioner did not demonstrate a state created impediment prevented his habeas petition when petitioner knew or should have known of the existence of the allegedly exculpatory evidence at the time of trial); *LaCroix v. Hernandez*, No. 10-0234, 2010 WL 3419803, *4 n. 5 (C.D. Cal. July 12, 2010) (noting withholding of alleged *Brady* evidence insufficient to establish tolling under § 2244(d)(1)(B) where petitioner knew existence of evidence before conviction became final and where petitioner raised claims in habeas petition even though evidence continued to be withheld); *Diggins v. Cain*, No. 06-6263, 2008 WL 4889801, *3-4 (E.D. La. Oct. 22, 2008) (holding government's withholding of evidence did not prevent petitioner from filing habeas petition where petitioner was aware of the existence of potentially exculpatory evidence at trial and during direct appeal).

As in *Estrada, LaCroix,* and *Diggins*, Grauberger was not prevented from seeking habeas relief because of the withheld evidence. For the first category of withheld evidence, the multiple

transcripts of the witnesses interviews, Grauberger had copies of the transcripts during trial and this is not new evidence forming a basis to toll the statute of limitations pursuant to § 2244(d)(1)(B). With respect to the other categories of withheld evidence, not obtaining this evidence did not prevent Grauberger from raising the instant habeas claims because he still does not have this evidence and yet he was able to bring the instant habeas claims.

Additionally, Grauberger knew, or should have known, about the existence of this evidence at the time of the trial. He was provided the multiple transcripts before or at trial. Grauberger also knew about all of the other categories of evidence at the time of trial because witnesses testified about the existence of the evidence (categories 3, 4, 6, and 7), or because the evidence was mentioned in the reports and other evidence he was provided in advance of trial (categories 2, 5, and 8). As to the blood and hair samples taken from Grauberger, given that these samples were taken from his person, he should have known about this evidence during his initial detention. The only withheld evidence that Grauberger appears to assert was discovered after trial is evidence relating to the bloody handprint, which Grauberger contends he first learned about during oral arguments in his post-conviction proceedings. Even if this allegedly withheld evidence tolled the statute of limitations under § 2244(d)(1)(B), it would only have tolled it until the oral argument when Grauberger learned of the evidence. This occurred in 2000 and the statute of limitations would still have expired nearly ten years ago. Because, tolling under § 2244(d)(1)(B) does not apply, Grauberger's habeas claims are untimely.

### B. Factual Predicate

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may also be tolled until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* "[T]he factual predicate of a petitioner's claims constitutes the vital facts underlying those claims." *Earl v. Fabian*, 556 F.3d 717, 725

(8th Cir. 2009) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). In this case, the new and withheld evidence did not provide the factual predicate for Grauberger's claims.

First, as set forth above, Grauberger knew or should have known about the withheld evidence at the time of trial, or at the latest, at the time of oral argument in his post-conviction proceedings. When new evidence was known before the statute of limitations expired, the statute of limitations is not tolled pursuant to § 2244(d)(1)(D). *Jackson v. Symmes*, No. 08-648, 2008 WL 1733122, *3 (D. Minn. April 10, 2008). Because Grauberger knew about the multiple transcripts and knew about the blood and hair samples at the time of the trial, § 2244(d)(1)(D) is inapplicable. Further, Grauberger should have known about the other categories of withheld evidence at the time of trial because, as set forth above, their existence was revealed through trial testimony, police reports, or other trial evidence. To the extent Grauberger's claims are based on these categories of evidence, he was not diligent in seeking this information when he first knew the evidence existed.[4]

Second, where a petitioner raises a claim in an timely habeas petition that was raised previously in the post-conviction proceedings, § 2244(d)(1)(D) is inapplicable because the petitioner knew the factual predicate for the claims earlier. *Earl*, 556 F.3d at 725. In this case, Grauberger previously raised Grounds four, seven, eight, and part of Ground eleven in his direct appeal or in his post-conviction proceedings. Therefore, Grauberger knew the factual predicate for these claims ten years ago and § 2244(d)(1)(D) is inapplicable.

Further, most of the new claims are based on errors at trial and their factual predicate is not based in any way on the new or withheld evidence. Thus, to the extent claims one, two,

---

[4] Even if this Court were to conclude that Grauberger was diligent in seeking the factual predicate for his claims though his retention of multiple attorneys from 1997 through 2001, there is nothing in the record to suggest Grauberger was diligent in pursuing his claims and seeking the evidence between 2001 and 2006 when Grauberger sought to pursue his own legal claims by enrolling in a paralegal course.

three, nine, ten, eleven, and twelve are based on errors other than withheld evidence, the factual predicate for these claims was known to Grauberger at the time of his direct appeal. Grauberger's habeas claims were not tolled under § 2244(d)(1)(D) and therefore his claims are untimely.

### C. Equitable Tolling

Although he doesn't specifically assert that his claims should be equitably tolled, this Court will construe Grauberger's *pro se* filings as seeking equitable tolling. The Eighth Circuit has acknowledged that the AEDPA's one-year statute of limitations may be equitably tolled. *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003). The Court of Appeals has made clear, however, that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir. 2001) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Accordingly, equitable tolling is only available "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time . . . [or] when conduct of the defendant has lulled the plaintiff into inaction." *Id.* at 805. A prisoner who seeks equitable tolling must show that he or she has acted diligently in pursuit of habeas relief. *Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010); *Wunderlich v. Dooley*, No. 10-4737, 2011 WL 845776, *1 (D. Minn. March 9, 2011). In *Wunderlich* the court rejected the contention that the petitioner was entitled to equitable tolling because "Petitioner has known about the allegedly withheld or destroyed evidence for years-his conviction was final in 1998-and that very evidence is the subject of the petition. In other words, the evidence at issue did not cause Petitioner to be late in filing the petition. Thus, the doctrine of equitable tolling simply does not apply." *Wunderlich*, 2011 WL 845776 at *1. Equitable tolling does not save Grauberger's claims in this case because, just as in *Wunderlich,* Grauberger knew

or should have known about the withheld evidence at the time of his trial or post-conviction proceedings.[5] Further, as set forth above, Grauberger was not diligent in seeking the withheld evidence. Because equitable tolling is inapplicable to Grauberger's claims, his habeas Petition is untimely and must be dismissed.

### D. Certificate of Appealability

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000). In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified, (and the Court cannot independently discern), anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner **not** be granted a COA in this matter.

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Grauberger's Petition for Habeas Corpus Relief [Doc. No. 1] be **DENIED** and **THIS ACTION BE DISMISSED WITH PREJUDICE**;

---

[5] To the extent Grauberger asserts that he is entitled to equitable tolling because of his "actual innocence," this Court has already addressed that argument in its Order dated March 3, 2011 [Doc. No. 18].

Dated: June 7, 2011                                  s/ Steven E. Rau_____ _____
                                                     STEVEN E. RAU
                                                     United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 22, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.